B1 (Official Form 1) (12/11)

| United States Bankruptcy Court NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION (CHICAGO) | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Jenkins, Matthew C.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-2062** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **5549 N Lakewood Ave Apt 1B Chicago, IL**    ZIP CODE **60640** | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **5549 N Lakewood Ave Apt 1B Chicago, IL**    ZIP CODE **60640** | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:

- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

Check all applicable boxes:

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

B1 (Official Form 1) (12/11)                                                                                                                        Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Matthew C. Jenkins** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor   (If more than one, attach additional sheet.)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X **/s/ John C. Kunes**                                              3/20/2013<br>    John C. Kunes                                                   Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification.  (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)

| Voluntary Petition | Name of Debtor(s): **Matthew C. Jenkins** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Matthew C. Jenkins
      **Matthew C. Jenkins**

**X** _____

_____
Telephone Number (If not represented by attorney)

**3/20/2013**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

**X** /s/ John C. Kunes
      **John C. Kunes**            Bar No. **6298491**

**The Law Office of John C. Kunes, P.C.**
**3843 North Broadway Street**
**Chicago, IL 60613**

Phone No. **(773) 701-4050**       Fax No. **(773) 701-4050**

3/20/2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)   **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Matthew C. Jenkins**                                    Case No. _____

                                                                                                    (if known)

            Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Matthew C. Jenkins**                                           Case No. _____

                                                                                                              (if known)

              Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐ 4. I am not required to receive a credit counseling briefing because of:     *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

☐ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Matthew C. Jenkins**_____
                                         Matthew C. Jenkins

Date:       **3/20/2013**_____

B6A (Official Form 6A) (12/07)

In re  **Matthew C. Jenkins**

Case No. _____
(if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | | Total: $0.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Matthew C. Jenkins**                                    Case No. _____

                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | - | $60.00 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Chase checking<br><br>Wings Financial checking | -<br><br>- | ($2.00)<br><br>($260.00) |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Ordinary man's wardrobe and accessories (1 watch, 1 necklace) | - | $375.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Matthew C. Jenkins**                                    Case No. _____
                                                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Matthew C. Jenkins**                                    Case No. _____

                                                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Matthew C. Jenkins**                                    Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | | Drum set - Yamaha, 12 years old | - | $850.00 |
| | | Computer | - | $1,000.00 |
| | | Cell phone - Samsung flip phone | - | $10.00 |

_____3_____ continuation sheets attached    **Total  >**    **$2,033.00**
(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Matthew C. Jenkins**                                          Case No. _____
                                                                                  (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                 $146,450.*
☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cash | 11 U.S.C. § 522(d)(5) | $60.00 | $60.00 |
| Ordinary man's wardrobe and accessories (1 watch, 1 necklace) | 11 U.S.C. § 522(d)(3) | $375.00 | $375.00 |
| Drum set - Yamaha, 12 years old | 11 U.S.C. § 522(d)(3) | $850.00 | $850.00 |
| Computer | 11 U.S.C. § 522(d)(3) | $1,000.00 | $1,000.00 |
| Cell phone - Samsung flip phone | 11 U.S.C. § 522(d)(5) | $10.00 | $10.00 |
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment. | | $2,295.00 | $2,295.00 |

B6D (Official Form 6D) (12/07)

In re  **Matthew C. Jenkins**                                          Case No. _____

                                                                                                (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxx0016 <br><br> **Harley Davidson Financial Attention: Bankruptcy PO Box 22048 Carson City, NV 89721** | | - | DATE INCURRED:  **10/2010** <br> NATURE OF LIEN: <br> **Automobile** <br> COLLATERAL: <br> **2002 Harley-Davidson Road King, VIN: 1HD1FBW1** <br> REMARKS: <br><br><br> VALUE:                      **$0.00** | | | | **$9,880.00** | **$9,880.00** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Subtotal (Total of this Page) > | | **$9,880.00** | **$9,880.00** |
| | | | | | Total (Use only on last page) > | | **$9,880.00** | **$9,880.00** |

_____**No**_____continuation sheets attached

(Report also on Summary of Schedules.)        (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re  **Matthew C. Jenkins**                                                    Case No. _____

                                                                                        (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☑  **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐  **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**1**_____continuation sheets attached

B6E (Official Form 6E) (04/10) - Cont.

In re  **Matthew C. Jenkins**                                    Case No. _____

                                                                                              (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Domestic Support Obligations |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxxxxxxxxxxxxxxxx80 **State Of Mi Office Chi PO Box 30037 Lansing, MI 48909** | | - | DATE INCURRED: **02/2009** CONSIDERATION: **Family Support** REMARKS: **Collection Account Closed** | | | | $7,243.00 | $7,243.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ____1____ of ____1____ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals (Totals of this page) > | $7,243.00 | $7,243.00 | $0.00 |
|---|---|---|---|---|
| | Total > **(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)** | $7,243.00 | | |
| | Totals > **(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)** | | $7,243.00 | $0.00 |

B6F (Official Form 6F) (12/07)

In re   **Matthew C. Jenkins**                                    Case No. _____
                                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxxxxxxQQQQ**<br>**Amca/American Medical Coll Agency**<br>**Attn: Bankruptcy**<br>**PO Box 160**<br>**Elmsford, NY 10523** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Medical Services**<br>REMARKS:<br>**Collection** | | | | $85.00 |
| ACCT #:  **xxxx4917**<br>**Amcol Clmbia**<br>**111 Lancewood Rd**<br>**Columbia, SC 29210** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Medical Services**<br>REMARKS:<br>**Collection** | | | | $526.00 |
| ACCT #:  **xxxx0287**<br>**Amcol Systems Inc**<br>**111 Lancewood Rd**<br>**Columbia, SC 29210** | | - | DATE INCURRED:  **11/2011**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection**<br>**Account Closed** | | | | $160.00 |
| ACCT #:  **xxxxx4317**<br>**AT&T Mobility**<br>**PO Box 6416**<br>**Carol Stream, IL 60197-6416** | | - | DATE INCURRED:  **1/18/12**<br>CONSIDERATION:<br>**Mobile telephone service**<br>REMARKS: | | | | $555.59 |
| **Representing:**<br>**AT&T Mobility** | | | **Diversified Consultants Inc.**<br>**PO Box 551268**<br>**Jacksonville, FL 32256** | | | | **Notice Only** |
| **Representing:**<br>**AT&T Mobility** | | | **Southwest Credit**<br>**4120 International Pkwy Ste 1100**<br>**Carrollton, TX  75007-3804** | | | | **Notice Only** |
| | | | Subtotal > | | | | $1,326.59 |
| | | | Total ><br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the<br>Statistical Summary of Certain Liabilities and Related Data.) | | | | |

_____**6**_____ continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**                                    Case No. _____

                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxx1192**<br>**Cach Llc/Square Two Financial**<br>**Attention: Bankruptcy**<br>**4340 South Monaco St.  2nd Floor**<br>**Denver, CO 80237** | | - | DATE INCURRED:  **05/2012**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | **$6,464.00** |
| ACCT #:  **xxxxxxxxxxxx6995**<br>**Capital 1 Bank**<br>**Attn: Bankruptcy Dept.**<br>**PO Box 30285**<br>**Salt Lake City, UT 84130** | | - | DATE INCURRED:  **01/2000**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Paid**<br>**Account Closed By Consumer** | | | | **$0.00** |
| ACCT #:  **xxxxxxxxxxxx6764**<br>**Citibank Sd, Na**<br>**Attn: Centralized Bankruptcy**<br>**PO Box 20507**<br>**Kansas City, MO 64195** | | - | DATE INCURRED:  **08/2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Collection**<br>**Account Closed** | | | | **$4,463.00** |
| **Representing:**<br>**Citibank Sd, Na** | | | **Accounts Receivable Management, Inc**<br>**PO Box 561**<br>**Thorofare, NJ 08086** | | | | **Notice Only** |
| **Representing:**<br>**Citibank Sd, Na** | | | **Global Credit Collection Corp**<br>**2699 Lee Rd Ste 330**<br>**Winter Park, FL 32789** | | | | **Notice Only** |
| ACCT #:  **xxxxxxxxxxxx9229**<br>**Citifinancial**<br>**300 Saint Paul Pl**<br>**Baltimore, MD 21202** | | - | DATE INCURRED:  **09/16/2009**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS:<br>**Refinanced**<br>**Account Closed**<br>**ACCOUNT TRANSFERRED** | | | | **$0.00** |

Sheet no. _____**1**_____ of _____**6**_____ continuation sheets attached to                              Subtotal >              **$10,927.00**

Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**                                             Case No. _____

                                                                                      (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxxxxxxxxx4979**<br>**Credit One Bank**<br>**PO Box 98873**<br>**Las Vegas, NV 89193** | | - | DATE INCURRED:  **03/26/2010**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Charge Off**<br>**Account Closed** | | | | **$0.00** |
| **Representing:**<br>**Credit One Bank** | | | **Leading Edge Recovery Solutions**<br>**5440 N Cumberland Ave STE300**<br>**Chicago, IL 60656-1490** | | | | **Notice Only** |
| ACCT #:  **xxxxxx8607**<br>**Credit Protection Associates**<br>**Attn: Bankruptcy**<br>**PO Box 802068**<br>**Dallas, TX 75380** | | - | DATE INCURRED:  **09/2011**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | **$252.00** |
| ACCT #:  **xxxxxxxxxxxx3744**<br>**Expo/cbsd**<br>**Citicards Private Label-Bankruptcy**<br>**PO Box 20483**<br>**Kansas City, MO 64195** | | - | DATE INCURRED:  **07/01/2004**<br>CONSIDERATION:<br>**Charge Account**<br>REMARKS:<br>**Current Account**<br>**Account Closed By Grantor**<br>**INACTIVE ACCOUNT** | | | | **$0.00** |
| ACCT #:  **xxxxxxxxxx4544**<br>**Hb Fsb**<br>**HSBC/Beneficial**<br>**636 Grand Regency Blvd.**<br>**Brandon, FL 33510** | | - | DATE INCURRED:  **11/29/2005**<br>CONSIDERATION:<br>**Check Credit or Line of Credit**<br>REMARKS:<br>**Current Account**<br>**Account Closed By Grantor** | | | | **$0.00** |
| ACCT #:  **xxxxxxxxxxxx9821**<br>**Hsbc Bank**<br>**Po Box 5253**<br>**Carol Stream, IL 60197** | | - | DATE INCURRED:  **03/2009**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Settled**<br>**Account Closed By Grantor**<br>**ELECTION OF REMEDY** | | | | **$0.00** |

Sheet no. ____**2**____ of _____**6**_____ continuation sheets attached to                                          Subtotal >                 **$252.00**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                              Total >
                                                                     (Use only on last page of the completed Schedule F.)
                                                         (Report also on Summary of Schedules and, if applicable, on the
                                                         Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**

Case No. _____

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing:** **Hsbc Bank** | | | **Riexinger & Associates, LLC** **PO Box 956188** **Duluth, GA 30095-9504** | | | | **Notice Only** |
| **Representing:** **Hsbc Bank** | | | **Stoneleigh Recovery Associates** **PO Box 1479** **Lombard, IL 60148-8479** | | | | **Notice Only** |
| ACCT #:  **xxx xxxx6491** **Independent Emergency Physicians PC** **PO Box 674474** **Detroit, MI 48267-4474** | | - | DATE INCURRED: CONSIDERATION: **Medical** REMARKS: | | | | **$266.00** |
| ACCT #:  **xxxxxx2480** **Midland Funding** **8875 Aero Dr Ste 200** **San Diego, CA 92123** | | - | DATE INCURRED:  **04/2011** CONSIDERATION: **Factoring Company Account** REMARKS: **Collection** | | | | **$776.00** |
| ACCT #:  **xxxxxx2480** **Midland Funding** **8875 Aero Dr Ste 200** **San Diego, CA 92123** | | - | DATE INCURRED:  **04/2011** CONSIDERATION: **Factoring Company Account** REMARKS: **Collection** | | | | **$776.00** |
| ACCT #:  **xxxxxx0835** **Midland Funding** **8875 Aero Dr Ste 200** **San Diego, CA 92123** | | - | DATE INCURRED:  **09/2012** CONSIDERATION: **Factoring Company Account** REMARKS: **Collection** | | | | **$630.00** |

Sheet no. ____3____ of ____6____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  **$2,448.00**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**                                              Case No. _____

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx8437**<br>**Money Recovery Nationw**<br>**8155 Executive Ct Ste 10**<br>**Lansing, MI 48917** | | - | DATE INCURRED:  **04/2012**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | $266.00 |
| ACCT #:  **xxxxxxxxxxxx2248**<br>**Onemain**<br>**6801 Colwell Blvd**<br>**Irving, TX 75039** | | - | DATE INCURRED:  **10/2010**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS: | | | | $6,463.00 |
| ACCT #:  **xxxxxxxxxxxx0157**<br>**Onemain Fi**<br>**6801 Colwell Blvd**<br>**Irving, TX 75039** | | - | DATE INCURRED:  **10/2010**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS:<br>**Charge Off for $6463 on 05/12**<br>**Account Closed By Grantor** | | | | $6,463.00 |
| ACCT #:  **xxxxxxxxxxxx5551**<br>**Portfolio Rc**<br>**Attn: Bankruptcy**<br>**PO Box 41067**<br>**Norfolk, VA 23541** | | - | DATE INCURRED:  **01/2011**<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS:<br>**Collection** | | | | $2,958.00 |
| ACCT #:  **xxxxxx6491**<br>**Providence Park Hospital**<br>**47601 Grand River Ave**<br>**Novi, MI 48374** | | - | DATE INCURRED:  **10/5/11**<br>CONSIDERATION:<br>**Medical**<br>REMARKS: | | | | $526.20 |
| ACCT #:  **xxxxxx3674**<br>**Quest Diagnostics**<br>**4444 Giddings Rd**<br>**Auburn Hills, MI 48326** | | - | DATE INCURRED:  **11/12/11**<br>CONSIDERATION:<br>**Medical**<br>REMARKS: | | | | $85.12 |

Sheet no. ___4___ of ___6___ continuation sheets attached to                                    Subtotal >   | $16,761.32 |
Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**                                    Case No. _____

                                                                            (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing: Quest Diagnostics** | | | **American Medical Collection Agency 4 Westchester Plaza Suite 110 Elmsford, NY 10523** | | | | **Notice Only** |
| ACCT #:  **xxxxx6669** <br> **Shell Oil / Citibank Attn.: Centralized  Bankruptcy PO Box 20507 Kansas City, MO 64195** | | - | DATE INCURRED:  **06/12/2002** <br> CONSIDERATION: **Credit Card** <br> REMARKS: **Current Account** | | | | **($1.00)** |
| ACCT #:  **xxxxx3569** <br> **Southfield Radiology PO Box 32532 Detroit, MI 48232-0532** | | - | DATE INCURRED:  **10/5/11** <br> CONSIDERATION: **Medical** <br> REMARKS: | | | | **$25.00** |
| **Representing: Southfield Radiology** | | | **Russell Collection Agency PO Box 7009 Flint, MI 48507-0009** | | | | **Notice Only** |
| ACCT #:  **xxxxx2402** <br> **Target Credit Card (TC) C/O Financial & Retail Services Mailstop BT  P.O. Box 9475 Minneapolis, MN 55440** | | - | DATE INCURRED:  **08/02/2008** <br> CONSIDERATION: **Credit Card** <br> REMARKS: **Collection Account Closed PURCHASED BY ANOTHER LENDER** | | | | **$0.00** |
| | | | **ACCOUNT TRANSFERRED** | | | | |

Sheet no. ____**5**____ of ____**6**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  **$24.00**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Matthew C. Jenkins**                                      Case No. _____
                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Representing: Target Credit Card (TC) | | | Midland Credit Management 8875 Aero Drive Suite 200 San Diego, CA 92123 | | | | Notice Only |
| Representing: Target Credit Card (TC) | | | Northland Group PO Box 390846 Minneapolis, MN 55439 | | | | Notice Only |
| ACCT #: xxxxx2256 The Bureaus Inc. Attention: Bankruptcy Dept. 1717 Central St. Evanston, IL 60201 | | - | DATE INCURRED: 10/2011 CONSIDERATION: Collection Attorney REMARKS: Collection | | | | $1,339.00 |
| ACCT #: The Meadows Group Attn: Property Manager 33477 Woodward Ave, Suite 700 Birmingham, MI 48009-0959 | | - | DATE INCURRED: 1/6/12 CONSIDERATION: Apartment lease REMARKS: | | | | $7,613.39 |
| ACCT #: xxxxxx2764 Wings Financial 14985 Glazier Ave, Ste 100 Apple Valley, MN 55124 | | - | DATE INCURRED: CONSIDERATION: Bank fees REMARKS: | | | | $260.00 |
| | | | | | | | |

Sheet no. __6__ of __6__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   $9,212.39

Total >   $40,951.30
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re  **Matthew C. Jenkins**                                    Case No. _____
                                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)

In re  **Matthew C. Jenkins**                                      Case No. _____
                                                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re **Matthew C. Jenkins**                                    Case No. _____
                                                                        (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Divorced** | Relationship(s): | Age(s): | Relationship(s): | Age(s): |
| **Employment:** | Debtor | | Spouse | |
| Occupation | Waiter | | | |
| Name of Employer | Bacchanal Inc. | | | |
| How Long Employed | 1 year | | | |
| Address of Employer | 5900 N Broadway | | | |
| | Chicago, IL | | | |
| | 60660 | | | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $1,555.91 | |
| 2.  Estimate monthly overtime | $0.00 | |
| 3.  SUBTOTAL | $1,555.91 | |
| 4.  LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes (includes social security tax if b. is zero) | $200.75 | |
| b. Social Security Tax | $65.52 | |
| c. Medicare | $20.84 | |
| d. Insurance | $0.00 | |
| e. Union dues | $0.00 | |
| f. Retirement | $0.00 | |
| g. Other (Specify) _____ | $0.00 | |
| h. Other (Specify) _____ | $0.00 | |
| i. Other (Specify) _____ | $0.00 | |
| j. Other (Specify) _____ | $0.00 | |
| k. Other (Specify) _____ | $0.00 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $287.11 | |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | $1,268.80 | |
| 7.  Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8.  Income from real property | $0.00 | |
| 9.  Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. Social security or government assistance (Specify): _____ | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
| a._____ | $0.00 | |
| b._____ | $0.00 | |
| c._____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $1,268.80 | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $1,268.80 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)
IN RE:   **Matthew C. Jenkins**                                        Case No. _____
                                                                                        (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $400.00 |
|     a. Are real estate taxes included?  ☑ Yes  ☐ No | |
|     b. Is property insurance included?  ☑ Yes  ☐ No | |
| 2. Utilities:   a. Electricity and heating fuel | $90.00 |
|            b. Water and sewer | |
|            c. Telephone | $49.00 |
|            d. Other: | |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | $300.00 |
| 5. Clothing | |
| 6. Laundry and dry cleaning | $20.00 |
| 7. Medical and dental expenses | |
| 8. Transportation (not including car payments) | |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $75.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | |
|           b. Life | |
|           c. Health | |
|           d. Auto | |
|           e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto: | |
|           b. Other: | |
|           c. Other: | |
|           d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | $390.00 |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other:  cigarettes | $50.00 |
| 17.b. Other:  personal services - haircuts | $35.00 |
| **18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)** | **$1,409.00** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $1,268.80 |
| b. Average monthly expenses from Line 18 above | $1,409.00 |
| c. Monthly net income (a. minus b.) | ($140.20) |

B6 Summary (Official Form 6 - Summary) (12/07)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re  **Matthew C. Jenkins**                                    Case No.

                                                                 Chapter      **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $2,033.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $9,880.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $7,243.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $40,951.30 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $1,268.80 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $1,409.00 |
| TOTAL | | 20 | $2,033.00 | $58,074.30 | |

Form 6 - Statistical Summary (12/07)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re  **Matthew C. Jenkins**                                        Case No.

                                                                    Chapter       **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.
§ 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any
information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$7,243.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **$0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | **$0.00** |
| Student Loan Obligations (from Schedule F) | **$0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | **$0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **$0.00** |
| **TOTAL** | **$7,243.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | **$1,268.80** |
| Average Expenses (from Schedule J, Line 18) | **$1,409.00** |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | **$1,555.91** |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | **$9,880.00** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | **$7,243.00** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | **$0.00** |
| 4.  Total from Schedule F | | **$40,951.30** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | **$50,831.30** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Matthew C. Jenkins**                                              Case No. _____

                                                                                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **22** _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **3/20/2013** _____          Signature  **/s/ Matthew C. Jenkins** _____

                                                                                     ***Matthew C. Jenkins***

Date  _____          Signature  _____

                                                                    [If joint case, both spouses must sign.]

_Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or
both.  18 U.S.C. §§ 152 and 3571._

B7 (Official Form 7) (12/12)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re:  **Matthew C. Jenkins**                                    Case No.  _____

                                                                                          (if known)


# STATEMENT OF FINANCIAL AFFAIRS

---

None
☐

**1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the TWO YEARS immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,250.00** | **2013 - Employment as a waiter.** |
| **$15,421.38** | **2012 - Employment** |
| **$50,829.00** | **2011 - Employment and unemployment compensation** |

---

None
☑

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the TWO YEARS immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☑

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 DAYS immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 DAYS immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None
☑

c.  All debtors:  List all payments made within ONE YEAR immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/12) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Matthew C. Jenkins**                                                        Case No. _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

### 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships

None ☑

a.  Describe any assignment of property for the benefit of creditors made within 120 DAYS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None ☑

List all gifts or charitable contributions made within ONE YEAR immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within ONE YEAR immediately preceding the commencement of this case OR SINCE THE COMMENCEMENT OF THIS CASE.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within ONE YEAR immediately preceding the commencement of this case.

---

### 10. Other transfers

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within TWO YEARS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within ONE YEAR immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/12) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Matthew C. Jenkins**                                                    Case No. _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

**12. Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 DAYS preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None
☐

If the debtor has moved within THREE YEARS immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **41602 Manor Park Dr, Apt 2
Novi, MI 48375** | **Matthew Jenkins** | **6/2008-12/2011** |

---

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within EIGHT YEARS immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None
☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

B7 (Official Form 7) (12/12) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Matthew C. Jenkins**                                    Case No.   _____

                                                                              (if known)


# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

None ☑   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None ☑   a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within SIX YEARS immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

---

None ☑   b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within SIX YEARS immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement ONLY if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None ☑   a.  List all bookkeepers and accountants who within TWO YEARS immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None ☑   b.  List all firms or individuals who within TWO YEARS immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None ☑   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None ☑   d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within TWO YEARS immediately preceding the commencement of this case.

---

### 20. Inventories

None ☑   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

B7 (Official Form 7) (12/12) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:    **Matthew C. Jenkins**                                      Case No. _____
                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
### Continuation Sheet No. 4

---

None
☑     b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑     a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑     b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑     a.  If the debtor is a partnership, list each member who withdrew from the partnership within ONE YEAR immediately preceding the commencement of this case.

---

None
☑     b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within ONE YEAR immediately preceding the commencement of this case.

---

### 23. Withdrawals from a partnership or distributions by a corporation

None
☑     If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during ONE YEAR immediately preceding the commencement of this case.

---

### 24. Tax Consolidation Group

None
☑     If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within SIX YEARS immediately preceding the commencement of the case.

---

### 25. Pension Funds

None
☑     If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within SIX YEARS immediately preceding the commencement of the case.

===

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  3/20/2013 _____          Signature        **/s/ Matthew C. Jenkins**
                                                                              of Debtor        _____
                                                                                                        *Matthew C. Jenkins*

Date  _____                           Signature        _____
                                                                              of Joint Debtor
                                                                              (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Matthew C. Jenkins**                                        CASE NO

                                                                       CHAPTER   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.   1 | |
|---|---|
| **Creditor's Name:**<br>Harley Davidson Financial<br>Attention: Bankruptcy<br>PO Box 22048<br>Carson City, NV 89721<br>xxxxxxxxxx0016 | **Describe Property Securing Debt:**<br>2002 Harley-Davidson Road King, VIN: 1HD1FBW142Y64 |
| Property will be (check one):<br>☑ Surrendered       ☐ Retained<br><br>If retaining the property, I intend to (check at least one):<br>☐ Redeem the property<br>☐ Reaffirm the debt<br>☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):<br><br><br><br>Property is (check one):<br>☐ Claimed as exempt       ☐ Not claimed as exempt | The motorcycle was stolen and is no longer in Debtor's possession. |

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☐          NO ☐ |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  3/20/2013 _____        Signature   _/s/ Matthew C. Jenkins_____
                                                            *Matthew C. Jenkins*

Date _____                    Signature _____

B 201B (Form 201B)  (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re **Matthew C. Jenkins**

Case No. _____

Chapter _____**7**_____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **Matthew C. Jenkins** _____ | X  **/s/ Matthew C. Jenkins**                    **3/20/2013** |
| _____ | Signature of Debtor                          Date |
| Printed Name(s) of Debtor(s) | X _____ |
| Case No. (if known) _____ | Signature of Joint Debtor (if any)              Date |

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, _____**John C. Kunes**_____, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ John C. Kunes** _____
John C. Kunes, Attorney for Debtor(s)
Bar No.: 6298491
The Law Office of John C. Kunes, P.C.
3843 North Broadway Street
Chicago, IL 60613
Phone: (773) 701-4050
Fax: (773) 701-4050
E-Mail: jkunes@jcklaw.com

---

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

FB 201A (Form 201A)  (11/12)

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.   Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.   The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:   Liquidation  ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1167 filing fee, $46 administrative fee: Total fee $1213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman    ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**  Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Matthew C. Jenkins**

CASE NO

CHAPTER    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---:|
| For legal services, I have agreed to accept: | **$1,200.00** |
| Prior to the filing of this statement I have received: | **$1,200.00** |
| Balance Due: | **$0.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐   I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **3/20/2013** | **/s/ John C. Kunes** |
| *Date* | *John C. Kunes*                      Bar No.  6298491 |
| | The Law Office of John C. Kunes, P.C. |
| | 3843 North Broadway Street |
| | Chicago, IL 60613 |
| | Phone: (773) 701-4050 / Fax: (773) 701-4050 |

---

  **/s/ Matthew C. Jenkins**

*Matthew C. Jenkins*

**The Law Office of John C. Kunes, P.C.**
3843 North Broadway Street
Chicago, Illinois 60613
(773) 701-4050

## RETAINER AGREEMENT

Today's Date:          October 22, 2012

Client Name            Matthew Jenkins          SSN          xxx-xx-2062

Client Name                                     SSN

I agree to hire **The Law Office of John C. Kunes, P.C.** ("Law Firm") to represent me for a Chapter 7 bankruptcy proceeding.

This Retainer Agreement covers Law Firm's services on this case to and through the filing of my Chapter 7 bankruptcy case. Although Law Firm will use best efforts to obtain a favorable result, I understand that no guarantees are being made as to any specific outcome in my Chapter 7 bankruptcy.

**CHAPTER 7 BANKRUPTCY LEGAL FEES:** I agree to pay a Legal Fee of $__1,200.00__ for services that will be provided to me before the filing of my Chapter 7 bankruptcy case ("Legal Fee"). I understand that an initial court filing fee of $306, as well as fees in connection with my pre-filing credit counseling or pre-discharge financial management certification are not included in the Legal Fee.

This Agreement, as well as the Legal Fee stated, presumes that my financial situation does not change at all during the period of time between today and when my bankruptcy case is filed. I know that if anything about my financial situation (including property ownership interests, income or expenses) changes then Legal Fee may change or I may no longer qualify for Chapter 7 bankruptcy.

**SERVICES TO BE PROVIDED IN CONNECTION WITH LEGAL FEE:** Legal Fee includes the following services:

1. obtaining and reviewing my credit report obtained by me through Law Firm;
2. calculation and review of my current monthly income and, if I am married and living with my spouse, calculation of my spouse's current monthly income;
3. in the event that my current monthly income is above the median income for a household of my size in Illinois, complete means testing analysis;
4. calculation of my monthly Disposable Income; and
5. drafting of my Chapter 7 Petition, Schedules, Statement of Financial Affairs, and Statement of Intention;
6. copying and providing to my bankruptcy trustee copies of: (a) pay stubs for the past 60 days for me and, if I am married, for my spouse; (b) tax returns or transcripts for the past 2 years; (c) valuation of any automobiles owned in my name; (d) payoff statements for any automobile loans currently open in my name; and (e) any other documents required by the trustee in connection with my case
7. representation at an initial meeting of creditors or appearance at a request for an adjournment of the meeting of creditors;
8. filing of certification of completion of post-filing financial management course;
9. providing me with one (1) copy of Chapter 7 Petition, Schedules, Statement of Financial Affairs, Notice of Commencement of Chapter 7 Case, and Discharge of Debtor at the conclusion of my case.

**PAYMENT OF LEGAL FEE:** I understand that I will pay Legal Fee on the following schedule:

| | | |
|---|---|---|
| $1,200.00 | due on or before | Filing |
| $306 (Filing fee) | due on or before | Filing |
| | due on or before | |
| $500 | ~~due on or before~~ | Paid 10/22/12 |
| $1,006.00 | due on or before | Filing |
| $500.00 | due on or before | PAID 11/12  RK |
| 506.00 | due on or before | FILING |
| | due on or before | PAID IN Full RK |
| | due on or before | |
| | due on or before | |

If for any reason I do not provide all needed documents and sign my bankruptcy Petition, Schedules and Statement of Financial Affairs within thirty (30) calendar days of the date on which the final payment is due under this Agreement then an additional charge of $200 will be due.

**METHOD OF PAYMENT ACCEPTED:** Legal Fees are payable by cash, money order or personal check drawn on a local Chicago bank only. Payment must be made to The Law Office of John C. Kunes, P.C.

> **In the event that any personal check is returned as uncollectible for any reason, no further legal fees will be accepted by personal check. In addition, a returned check fee of $35 will be assessed. A late fee of $10 will be applied to each and every payment received after the date on which it is due.**

**NO REFUND:** I understand that Legal Fees are considered earned as of the date of payment, and are non-refundable. I will not receive a refund of Legal Fees paid for any reason. In the event that my case is not filed with the bankruptcy court for any reason, the money that I have already paid to The Law Office of John C. Kunes, P.C. will not be returned to me under any circumstances. Though the Law Firm has agreed to charge a flat rate for my case, I understand that the normal billing rate of John C. Kunes is $250 per hour.

**WHEN BANKRUPTCY CASE WILL BE FILED:** My bankruptcy case will not be filed with the court unless and until I have paid Legal Fee in full and signed my bankruptcy Petition, schedules and Statement of Financial Affairs. My creditors may continue to take legal action against me until my bankruptcy papers are filed with the court.

**ADDITIONAL SERVICES:** I understand that additional services may be required and, therefore, additional legal fees may be charged by Law Firm. Those fees include, but are not limited to, the following:

1. amendment of schedules to add new creditors
2. amendment of schedules to change income or expenses, or to add property

3. attendance at second or adjourned meeting of creditors
4. responding to an inquiry made by the U.S. Trustee's Office in connection with a determination on whether to make a motion to dismiss my bankruptcy case or deny my discharge
5. defending a motion made to dismiss or convert my bankruptcy case
6. re-open my file after it has been closed for non-payment
7. reaffirmation hearing or negotiation of any reaffirmation agreement with any creditor(s)

However, The Law Firm will not provide any legal services without your consent.

**AUTHORIZATION TO OBTAIN PERSONAL INFORMATION:**  I hereby authorize Law Firm to obtain information about my assets, prior addresses, lien, judgments, prior bankruptcy filings, motor vehicle registrations, voter registration, and other public and non-public information that will be used to verify and ensure the completeness of the information I provide to Law Firm.  The information received by Law Firm may not be comprehensive or complete.  It is being obtained for background information and to aid Law Firm for verification purposes only.  As such, I understand that it remains my responsibility to disclose my ownership and prior ownership of assets, property, real estate, personal items, bank accounts, stocks, bonds, pension and retirement accounts, financial accounts of any nature and other items regardless of value.

**MY DUTY TO PROVIDE TRUTHFUL AND ACCURATE INFORMATION:**  A knowingly false statement in my bankruptcy petition or any schedule or statement filed therewith is a federal crime. Law Firm will prepare my petition and supporting schedules and statements based upon information supplied by me, and I understand that Law Firm will rely upon said statements as being true, accurate, complete and correct.  I will review all documents filed as part of my bankruptcy case, and that my signature on those documents will signify that I have read and understood them, and agree with the contents thereof.

**MY DUTY TO COOPERATE WITH LAW FIRM:**  I agree to provide all documentation required by Law Firm to effectively represent me, and to cooperate to the best of my ability.  If I do not cooperate with Law Firm, I am aware that The Law Office of John C. Kunes, P.C. retains the right to immediately withdraw from representation and to do no further work on my file.

THE ABOVE IS UNDERSTOOD AND AGREED TO.

_____          October 22, 2012
CLIENT                                           DATE

_____          October 22, 2012
CLIENT                                           DATE

The Law Office of John C. Kunes, P.C.

By:  _____          October 22, 2012
        JOHN C. KUNES, ESQ.                        DATE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Matthew C. Jenkins**                                                    CASE NO

                                                                                    CHAPTER    **7**

## VERIFICATION OF CREDITOR MATRIX

     The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date   3/20/2013 _____          Signature  __/s/ Matthew C. Jenkins_____
                                                                        *Matthew C. Jenkins*


Date _____          Signature _____

Accounts Receivable Management, Inc
PO Box 561
Thorofare, NJ 08086


Amca/American Medical Coll Agency
Attn: Bankruptcy
PO Box 160
Elmsford, NY 10523


Amcol Clmbia
111 Lancewood Rd
Columbia, SC 29210


Amcol Systems Inc
111 Lancewood Rd
Columbia, SC 29210


American Medical Collection Agency
4 Westchester Plaza Suite 110
Elmsford, NY 10523


AT&T Mobility
PO Box 6416
Carol Stream, IL 60197-6416


Cach Llc/Square Two Financial
Attention: Bankruptcy
4340 South Monaco St.  2nd Floor
Denver, CO 80237


Capital 1 Bank
Attn: Bankruptcy Dept.
PO Box 30285
Salt Lake City, UT 84130


Citibank Sd, Na
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195

Citifinancial
300 Saint Paul Pl
Baltimore, MD 21202


Credit One Bank
PO Box 98873
Las Vegas, NV 89193


Credit Protection Associates
Attn: Bankruptcy
PO Box 802068
Dallas, TX 75380


Diversified Consultants Inc.
PO Box 551268
Jacksonville, FL 32256


Expo/cbsd
Citicards Private Label-Bankruptcy
PO Box 20483
Kansas City, MO 64195


Global Credit Collection Corp
2699 Lee Rd Ste 330
Winter Park, FL 32789


Harley Davidson Financial
Attention: Bankruptcy
PO Box 22048
Carson City, NV 89721


Hb Fsb
HSBC/Beneficial
636 Grand Regency Blvd.
Brandon, FL 33510


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197

Independent Emergency Physicians PC
PO Box 674474
Detroit, MI 48267-4474


Leading Edge Recovery Solutions
5440 N Cumberland Ave STE300
Chicago, IL 60656-1490


Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA 92123


Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123


Money Recovery Nationw
8155 Executive Ct Ste 10
Lansing, MI 48917


Northland Group
PO Box 390846
Minneapolis, MN 55439


Onemain
6801 Colwell Blvd
Irving, TX 75039


Onemain Fi
6801 Colwell Blvd
Irving, TX 75039


Portfolio Rc
Attn: Bankruptcy
PO Box 41067
Norfolk, VA 23541

Providence Park Hospital
47601 Grand River Ave
Novi, MI 48374


Quest Diagnostics
4444 Giddings Rd
Auburn Hills, MI 48326


Riexinger & Associates, LLC
PO Box 956188
Duluth, GA 30095-9504


Russell Collection Agency
PO Box 7009
Flint, MI 48507-0009


Shell Oil / Citibank
Attn.: Centralized  Bankruptcy
PO Box 20507
Kansas City, MO 64195


Southfield Radiology
PO Box 32532
Detroit, MI 48232-0532


Southwest Credit
4120 International Pkwy Ste 1100
Carrollton, TX  75007-3804


State Of Mi Office Chi
PO Box 30037
Lansing, MI 48909


Stoneleigh Recovery Associates
PO Box 1479
Lombard, IL 60148-8479

Target Credit Card (TC)
C/O Financial & Retail Services
Mailstop BT  P.O. Box 9475
Minneapolis, MN 55440


The Bureaus Inc.
Attention: Bankruptcy Dept.
1717 Central St.
Evanston, IL 60201


The Meadows Group
Attn: Property Manager
33477 Woodward Ave, Suite 700
Birmingham, MI 48009-0959


Wings Financial
14985 Glazier Ave, Ste 100
Apple Valley, MN 55124

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Matthew C. Jenkins**                                    CASE NO

                                                                  CHAPTER    **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

**Exemption Totals by Category:**

(Values and liens of surrendered property are NOT included in this section)                    Scheme Selected: **Federal**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|---------------------:|-------------------:|-------------:|--------------------:|------------------------:|
| N/A | Real Property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1. | Cash on hand. | $60.00 | $0.00 | $60.00 | $60.00 | $0.00 |
| 2. | Checking, savings or other financial accounts, CD's or shares in banks... | ($262.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, others. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4. | Household goods and furnishings, including audio, video... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, records.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6. | Wearing apparel. | $375.00 | $0.00 | $375.00 | $375.00 | $0.00 |
| 7. | Furs and jewelry. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8. | Firearms and sports, photographic and other hobby equipment. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9. | Interests in insurance policies. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10. | Annuities. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11. | Education IRAs. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12. | Interests in IRA, ERISA, Keogh... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 13. | Stock and interests in incorporated... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14. | Interests in partnerships.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 15. | Government and corporate bonds... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16. | Accounts receivable. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17. | Alimony, maintenance, support, and property settlement to which the..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 18. | Other liquidated debts owed debtor... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19. | Equitable or future interests, life estates, and rights or powers..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20. | Contingent and noncontingent interests in estate of decedent, death benefit.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21. | Other contingent and unliquidated claims of every nature..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

*Copyright 1996-2013, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Matthew C. Jenkins**                                    CASE NO

                                                                          CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 1*

### Exemption Totals by Category:

(Values and liens of surrendered property are NOT included in this section)                    Scheme Selected: **Federal**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|----------------------|--------------------|--------------|---------------------|-------------------------|
| 22. | Patents, copyrights, and other intellectual property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23. | Licenses, franchises, and other.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 24. | Customer Lists. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25. | Automobiles, trucks, trailers, vehicles... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 26. | Boats, motors and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 27. | Aircraft and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28. | Office equipment, furnishings... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 29. | Machinery, fixtures used in business. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30. | Inventory. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31. | Animals. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32. | Crops - growing or harvested. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33. | Farming equipment and implements. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 34. | Farm supplies, chemicals, and feed. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 35. | Other personal property of any kind. | $1,860.00 | $0.00 | $1,860.00 | $1,860.00 | $0.00 |
|     | **TOTALS:** | **$2,033.00** | **$0.00** | **$2,295.00** | **$2,295.00** | **$0.00** |

### Surrendered Property:

The following property is to be surrendered by the debtor.  Although this property is NOT exempt, it is NOT considered "non-exempt" for purposes of this analysis.  The below listed items are to be returned to the lienholder.

| Property Description | Market Value | Lien | Equity |
|----------------------|--------------|------|--------|
| **Real Property** | | | |
| (None) | | | |
| **Personal Property** | | | |
| (None) | | | |
| **TOTALS:** | $0.00 | $0.00 | $0.00 |

### Non-Exempt Property by Item:

The following property, or a portion thereof, is non-exempt.

| Property Description | Market Value | Lien | Equity | Non-Exempt Amount |
|----------------------|--------------|------|--------|-------------------|
| **Real Property** | | | | |
| (None) | | | | |

*Copyright 1996-2013, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Matthew C. Jenkins**                    CASE NO

                                          CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 2*

**Personal Property**

(None)

| | | | | |
|---|---|---|---|---|
| **TOTALS:** | $0.00 | $0.00 | $0.00 | $0.00 |

| Summary | |
|---|---|
| A. Gross Property Value (not including surrendered property) | $2,033.00 |
| B. Gross Property Value of Surrendered Property | $0.00 |
| C. Total Gross Property Value (A+B) | $2,033.00 |
| D. Gross Amount of Encumbrances (not including surrendered property) | $0.00 |
| E. Gross Amount of Encumbrances on Surrendered Property | $0.00 |
| F. Total Gross Encumbrances (D+E) | $0.00 |
| G. Total Equity (not including surrendered property)  /  (A-D) | $2,295.00 |
| H. Total Equity in surrendered items  (B-E) | $0.00 |
| I.  Total Equity  (C-F) | $2,295.00 |
| J. Total Exemptions Claimed          (Wild Card Used: $70.00, Available: $11,905.00) | $2,295.00 |
| K.  Total Non-Exempt Property Remaining  (G-J) | $0.00 |

*Copyright 1996-2013, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

*John C. Kunes, Bar No. 6298491*
*The Law Office of John C. Kunes, P.C.*
*3843 North Broadway Street*
*Chicago, IL 60613*
*(773) 701-4050*
*Attorney for the Petitioner*

# UNITED STATES BANKRUPTCY COURT FOR THE

*NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION (CHICAGO)*

In re:                                        Case No.:
**Matthew C. Jenkins**                         SSN:  __xxx-xx-2062__
_____                SSN:  _____
Debtor(s)                          ## Numbered Listing of Creditors
Address:
**5549 N Lakewood Ave Apt 1B**          Chapter:    **7**
**Chicago, IL 60640**

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 1.  Accounts Receivable Management, Inc<br>PO Box 561<br>Thorofare, NJ 08086 | Unsecured Claim | $0.00 |
| 2.  Amca/American Medical Coll Agency<br>Attn: Bankruptcy<br>PO Box 160<br>Elmsford, NY 10523<br>xxxxxxxxxxxxxQQQQ | Unsecured Claim | $85.00 |
| 3.  Amcol Clmbia<br>111 Lancewood Rd<br>Columbia, SC 29210<br>xxxx4917 | Unsecured Claim | $526.00 |
| 4.  Amcol Systems Inc<br>111 Lancewood Rd<br>Columbia, SC 29210<br>xxxx0287 | Unsecured Claim | $160.00 |
| 5.  American Medical Collection Agency<br>4 Westchester Plaza Suite 110<br>Elmsford, NY 10523 | Unsecured Claim | $0.00 |
| 6.  AT&T Mobility<br>PO Box 6416<br>Carol Stream, IL 60197-6416<br>xxxxx4317 | Unsecured Claim | $555.59 |

in re:  **Matthew C. Jenkins**

| | | |
|---|---|---|
| | Debtor | Case No. (if known) |

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 7.   Cach Llc/Square Two Financial<br>Attention: Bankruptcy<br>4340 South Monaco St.  2nd Floor<br>Denver, CO 80237<br>xxxxxxxx1192 | Unsecured Claim | $6,464.00 |
| 8.   Capital 1 Bank<br>Attn: Bankruptcy Dept.<br>PO Box 30285<br>Salt Lake City, UT 84130<br>xxxxxxxxxxxx6995 | Unsecured Claim | $0.00 |
| 9.   Citibank Sd, Na<br>Attn: Centralized Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195<br>xxxxxxxxxxxx6764 | Unsecured Claim | $4,463.00 |
| 10.   Citifinancial<br>300 Saint Paul Pl<br>Baltimore, MD 21202<br>xxxxxxxxxxxx9229 | Unsecured Claim | $0.00 |
| 11.   Credit One Bank<br>PO Box 98873<br>Las Vegas, NV 89193<br>xxxxxxxxxxxx4979 | Unsecured Claim | $0.00 |
| 12.   Credit Protection Associates<br>Attn: Bankruptcy<br>PO Box 802068<br>Dallas, TX 75380<br>xxxxxx8607 | Unsecured Claim | $252.00 |
| 13.   Diversified Consultants Inc.<br>PO Box 551268<br>Jacksonville, FL 32256 | Unsecured Claim | $0.00 |
| 14.   Expo/cbsd<br>Citicards Private Label-Bankruptcy<br>PO Box 20483<br>Kansas City, MO 64195<br>xxxxxxxxxxxx3744 | Unsecured Claim | $0.00 |
| 15.   Global Credit Collection Corp<br>2699 Lee Rd Ste 330<br>Winter Park, FL 32789 | Unsecured Claim | $0.00 |

in re:   **Matthew C. Jenkins**

| | Debtor | Case No. (if known) |
|---|---|---|

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 16.  Harley Davidson Financial<br>Attention: Bankruptcy<br>PO Box 22048<br>Carson City, NV 89721<br>xxxxxxxxxx0016 | Secured Claim | $9,880.00 |
| 17.  Hb Fsb<br>HSBC/Beneficial<br>636 Grand Regency Blvd.<br>Brandon, FL 33510<br>xxxxxxxxxx4544 | Unsecured Claim | $0.00 |
| 18.  Hsbc Bank<br>Po Box 5253<br>Carol Stream, IL 60197<br>xxxxxxxxxxxx9821 | Unsecured Claim | $0.00 |
| 19.  Independent Emergency Physicians PC<br>PO Box 674474<br>Detroit, MI 48267-4474<br>xxx xxxx6491 | Unsecured Claim | $266.00 |
| 20.  Leading Edge Recovery Solutions<br>5440 N Cumberland Ave STE300<br>Chicago, IL 60656-1490<br>xxxxxxxxxxxx4979 | Unsecured Claim | $0.00 |
| 21.  Midland Credit Management<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123 | Unsecured Claim | $0.00 |
| 22.  Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123<br>xxxxxx2480 | Unsecured Claim | $776.00 |
| 23.  Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123<br>xxxxxx2480 | Unsecured Claim | $776.00 |
| 24.  Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123<br>xxxxxx0835 | Unsecured Claim | $630.00 |

in re:   **Matthew C. Jenkins**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 25. | Money Recovery Nationw<br>8155 Executive Ct Ste 10<br>Lansing, MI 48917<br>xxx8437 | Unsecured Claim | $266.00 |
| 26. | Northland Group<br>PO Box 390846<br>Minneapolis, MN 55439<br>xxxxxxxxx0290 | Unsecured Claim | $0.00 |
| 27. | Onemain<br>6801 Colwell Blvd<br>Irving, TX 75039<br>xxxxxxxxxxxx2248 | Unsecured Claim | $6,463.00 |
| 28. | Onemain Fi<br>6801 Colwell Blvd<br>Irving, TX 75039<br>xxxxxxxxxxxx0157 | Unsecured Claim | $6,463.00 |
| 29. | Portfolio Rc<br>Attn: Bankruptcy<br>PO Box 41067<br>Norfolk, VA 23541<br>xxxxxxxxxxxx5551 | Unsecured Claim | $2,958.00 |
| 30. | Providence Park Hospital<br>47601 Grand River Ave<br>Novi, MI 48374<br>xxxxxx6491 | Unsecured Claim | $526.20 |
| 31. | Quest Diagnostics<br>4444 Giddings Rd<br>Auburn Hills, MI 48326<br>xxxxxx3674 | Unsecured Claim | $85.12 |
| 32. | Riexinger & Associates, LLC<br>PO Box 956188<br>Duluth, GA 30095-9504<br>xxxx-xxxx-xxxx-3591 | Unsecured Claim | $0.00 |
| 33. | Russell Collection Agency<br>PO Box 7009<br>Flint, MI 48507-0009 | Unsecured Claim | $0.00 |

in re:  **Matthew C. Jenkins**

| | Debtor | | Case No. (if known) |
|---|---|---|---|
| | Creditor name and mailing address | Category of claim | Amount of claim |
| 34. | Shell Oil / Citibank<br>Attn.: Centralized  Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195<br>xxxxx6669 | Unsecured Claim | ($1.00) |
| 35. | Southfield Radiology<br>PO Box 32532<br>Detroit, MI 48232-0532<br>xxxxx3569 | Unsecured Claim | $25.00 |
| 36. | Southwest Credit<br>4120 International Pkwy Ste 1100<br>Carrollton, TX  75007-3804 | Unsecured Claim | $0.00 |
| 37. | State Of Mi Office Chi<br>PO Box 30037<br>Lansing, MI 48909<br>xxxxxxxxxxxxxxxxxxxxxxxxx8049 | Priority Claim | $7,243.00 |
| 38. | Stoneleigh Recovery Associates<br>PO Box 1479<br>Lombard, IL 60148-8479 | Unsecured Claim | $0.00 |
| 39. | Target Credit Card (TC)<br>C/O Financial & Retail Services<br>Mailstop BT  P.O. Box 9475<br>Minneapolis, MN 55440<br>xxxxx2402 | Unsecured Claim | $0.00 |
| 40. | The Bureaus Inc.<br>Attention: Bankruptcy Dept.<br>1717 Central St.<br>Evanston, IL 60201<br>xxxxx2256 | Unsecured Claim | $1,339.00 |
| 41. | The Meadows Group<br>Attn: Property Manager<br>33477 Woodward Ave, Suite 700<br>Birmingham, MI 48009-0959 | Unsecured Claim | $7,613.39 |
| 42. | Wings Financial<br>14985 Glazier Ave, Ste 100<br>Apple Valley, MN 55124<br>xxxxxx2764 | Unsecured Claim | $260.00 |

in re:    **Matthew C. Jenkins**
_____    _____
                            Debtor                                                    Case No. (if known)

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both.
 18 U.S.C. secs. 152 and 3571.)

### DECLARATION

I,  **Matthew C. Jenkins**_____ ,
named as debtor in this case, declare under penalty of perjury that I have read the foregoing    _Numbered Listing of Creditors,_
consisting of ___6____ sheets (including this declaration), and that it is true and correct to the best of my information and belief.
the best of my information and belief.


Debtor: **/s/ Matthew C. Jenkins**_____    Date: 3/20/2013_____
            **Matthew C. Jenkins**